## McGUIRE v. MORAN.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. Tows—Negligence—Evidence.

Where the evidence in an action for personal injuries showed that defendant's agents in charge of a barge and tug fastened together and aggregating 55 feet in width attempted to pass the tow diagonally through an open draw only 60 feet in width, and thereby struck an abutment of the bridge, tearing away the footpath, and throwing plaintiff, who was standing on the abutment, upon the stone and crib work underneath, there was a sufficient showing of negligence to take the question to the jury.

Appeal from trial court, Kings county.

Action by John J. McGuire against Michael Moran. From a judgment in favor of defendant and an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John F. Carew (Thomas F. Magner, on the brief), for appellant.
Alvin C. Cass (Carl Schurz Petrasch, on the brief), for respondent.

WILLARD BARTLETT, J. We are of opinion that the issue of negligence in this case should have been left to the jury. The plaintiff was injured by reason of a collision between a tow and one of the abutments of a bridge over Newtown creek. The draw was open, and the plaintiff stood upon the abutment waiting for the tow, which was under the direction of the defendant's agents and servants, to pass through. The tow consisted of a barge, to which the defendant's tugboat was attached alongside, the width of the barge and tug together aggregating 55 feet, while the width of the draw was but 60 feet. Instead of proceeding straight through the draw, the tow moved diagonally, so that the barge was caused to collide with the abutment on which the plaintiff was standing, with such force as to tear away the footpath, separating it 2½ feet from the carriage way, and precipitating the plaintiff upon the stone and crib work underneath. One of the witnesses said that the barge hit the abutment of the bridge right in the west footpath and that the barge and tug came in "cat-a-cornered." Another witness saw the boat come in "slantways," and said that the whole platform at that point was torn off by the collision. From this proof we think that negligence on the part of the defendant in the management of the tow might fairly be inferred as matter of fact. The place where the plaintiff stood was presumably a part of the public highway, and the force exerted by the collision, as manifested in its effects upon the footpath, was indicative of a want of care in the management of the tow, when the width of the tow is considered in reference to the width of the draw through which it had to pass. It may very well be that when the defendant's proof is submitted it will appear that the tow was prudently managed under all the surrounding circumstances; but, applying the rule which entitles the plaintiff to the most favorable view of all the facts upon an appeal of

this kind, we are constrained to hold that it was error to dismiss the complaint.

Judgment reversed and new trial granted; costs to abide the event. All concur.